Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1324 | **DATE** | 1/9/2002 |
| **CASE TITLE** | Sylvia Jagielski vs. Chicago Statler Chicago Hilton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Summary Judgment is entered in favor of the defendant and against the plaintiff on all her claims.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 10 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA JAGIELSKI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHICAGO STATLER CHICAGO HILTON HOTEL; HOTEL STATLER, INC.,<br><br>　　　　　　Defendants. | Case No. 00 C 1182<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Sylvia Jagielski, a 66-year-old while female of Polish extraction, applied to her employer, Hilton Hotels Corp., on three occasions, in 1994, in 1999 and in 2000, for a promotion to the position of "full-time Banquet Food Server." All three times she was rebuffed and the position was given to others. She claims that her age, sex, national origin, color and race (and, in her brief, her union membership) were the reasons for Hilton's actions. She also claims that she was retaliated against as a result of her complaints of discrimination.

## BACKGROUND

The plaintiff failed to file a specific response to Hilton's Local Rule 56.1(a)(3) statement so the facts alleged in that statement are deemed to be admitted. *Juniper Aluminum Corporation v. Home Insurance Co.*, 225 F.3d 868, 871 (7th Cir. 2000). According to Hilton's statement, Hilton employs three types of food

servers: steady servers, extra steady servers, and extra servers. The steady servers are full time employees who receive work on a rotational basis and, when there are insufficient steady servers, the hotel goes first to the extra steady server list, and then to the list of extra servers. The hotel does not rotate the names on the extra steady servers list and they are called but are called in the order which they appear on the list which is by seniority. Clean up is always the duty of the extra steady servers if there are any working a particular banquet.

Plaintiff has been employed by Hilton as a banquet food server since 1985. While she was originally hired as a full time food server, after a short period of time, due to family health problems, she went on part time status which remains her status to this day. Due to her seniority, plaintiff was the first name on the Extra Steady list so that she is normally the first to be called, assuring her of plenty of work, but plenty of cleanup work also.

In 1994, plaintiff applied for an open position of steady server but did not receive the promotion. Although she filed a grievance with her union, she did not file a complaint with either the EEOC or the Illinois Department of Human Rights. In 1999, she again applied for an opening on the steady server list but was again turned down because, according to Hilton, she had certain past performance deficiencies, including tardiness, being a no-show

on an occasion, calling off on another occasion after the server schedule had been completed, and because she arrived late for her interview in Hilton's view. Six individuals were hired, all of whom Hilton believed had more impressive credentials than plaintiff, while plaintiff and nine other interviewees were rejected.

In 2000 the hotel once again needed additional steady servers and plaintiff once again applied. Two were selected and plaintiff and nine others were rejected. The interview process this time included an oral exam concerning procedure for serving a banquet. Plaintiff appeared to take offense to the idea of having to answer questions concerning banquet serving procedures and failed accurately to answer several of the questions. Based on her negativity and lack of knowledge of banquet procedures, she was passed over in favor of two candidates who accurately answered all the questions and were felt to have a better attitude. While plaintiff complains in her Rule 56.1 statement that the people hired were younger than her nevertheless she provides no facts to back up this allegation, while Hilton, by way of contrast, states that 37 of its steady servers were more than 40 years of age. She also complained that a certain unnamed man was promoted over her even though he had less seniority than she had. Once again she is up against Hilton's undisputed fact that seniority is not a hiring consideration for the steady server job.

On March 31, 1999, plaintiff filed a charge of discrimination with the EEOC alleging only Hilton's failure to promote her in 1994 and 1999 and in due course she received a right to sue letter. She filed this complaint on March 3, 2000, which she amended on August 30, 2000, alleging claims under Title VII and 42 U.S.C. § 1981, based on Hilton's failure to promote her in 1994, 1999, and 2000, and for retaliation.

**DISCUSSION**

Several matters must initially be dealt with. First, plaintiff in her complaint seeks compensation for Hilton's failure to make her a steady server in 1994 alleged to be in violation of Title VII and Section 1981. Hilton points out that this occurred well before the 300-day limitation period contained in Title VII (June 5, 1998), and before the two-year limitation period of Section 1981 (March 4, 1998). Plaintiff contends that the 1994 failure to promote is part of a continuing violation, apparently on the theory that each day subsequent to the denial of a promotion constitutes a separate continuing offense. This, however, is not the law. A continuing violation is one that could not reasonably been expected to be made the subject of a lawsuit when it first occurred because its discriminatory character did not become clear until it was repeated during the limitation period. *Dasgupta v. University of Wisconsin*, 121 F.3d 1138, 1139 (7th Cir. 1997). Plaintiff's complaint is the exact opposite of a continuing

violation. Its character as a discrete violation was so clear to her at the time (1994) that she actually filed a grievance with her union. Thus, the limitation periods for both Title VII and Section 1981 for bringing a federal lawsuit for the 1994 failure to promote have long passed. These claims are therefore dismissed.

Plaintiff's Title VII complaints regarding the failure to promote in 2000 and of retaliation by Hilton for complaining of discrimination, must also be dismissed, this time for failing to include these allegations in her complaint to the EEOC. *Babrocky v. Jewel Food Company*, 773 F.2d 857, 863 (7th Cir. 1985). The purpose of the complaint to the EEOC, according to *Babrocky*, is to give this body an investigatory and conciliatory role and the employer notice of the charge so as to permit voluntary compliance. The only allegations mentioned in plaintiff's EEOC charge, as we have seen, are the failure to promote in 1994 and 1999. In this suit plaintiff is complaining of four discrete occurrences: the three separate instances of failure to promote plus retaliation for complaining. They are not "reasonably related" so that someone reading her EEOC charge could conclude that the plaintiff had suffered any of the other violations. *Jenkins v. Blue Cross Mutual*, 538 F. 2d 164, 167 (7th Cir. 1976 (en banc)). For example, *Jenkins* presents a paradigm of a charge that would be reasonably related. In *Jenkins*, plaintiff made a charge of race discrimination based on an allegation that she, a black woman, was

passed over for employment in favor of a white male. The court held that the charge could be construed to include both race and sex discrimination because they were reasonably related. There is no way that a person reading plaintiff's EEOC complaint would conclude that she was complaining about retaliation or an event that had not yet occurred.

This leaves the 1999 complaint (and the 1981 complaint regarding the failure to promote in 2000) to be decided on the merits. Unfortunately for plaintiff she fares no better here. Essentially the facts, according to Hilton's Local Rule 56.1 Statement, prove that plaintiff was only an average or a below average server who had a tardiness problem. She did not do well at the interview portion of the application process. More important, however, she has failed to show that she was passed over for promotion in favor of someone outside the protected class. In her statement of undisputed facts, she alleges, without naming anyone, that "people were promoted over me . . . [that] were not as qualified" and ". . . one [applicant] could not read the menu." She gives no names and she gives no specifics. The deposition citation she gives in support likewise is devoid of specifics. In contrast, Hilton has given specifics as to why it favored each of the individuals promoted over plaintiff. As we have seen, plaintiff has failed to contest these specific allegations. The upshot is that Hilton has given the court a nondiscriminatory

reason why it selecting candidates other than plaintiff, *i.e.*, they were superior to her. She had an obligation to present admissible evidence to dispute this reason. This she failed to do. Summary judgment is appropriate under these circumstances.

### CONCLUSION

Accordingly, Summary Judgment is entered in favor of the defendant and against the plaintiff on all her claims.

**IT IS SO ORDERED.**

                                         Harry D. Leinenweber, Judge
                                         United States District Court

Date: January 9, 2002